John B. Sganga, Jr. (State Bar No. 116211)
john.sganga@knobbe.com
Perry D. Oldham (State Bar No. 216016)
perry.oldham@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam Powell (State Bar No. 272725)
adam.powell@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001



FILED
DEC 0 6 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**SEALED**

Attorneys for Plaintiff
FREEMAN INVESTMENT MANAGEMENT CO., LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEMAN INVESTMENT MANAGEMENT CO., LLC, a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>FRANK RUSSELL COMPANY, a Washington corporation, dba RUSSELL INVESTMENT GROUP,<br><br>Defendants. | Case No. '13 CV 2856 JLS RBB<br><br>**PLAINTIFF'S APPLICATION TO FILE COMPLAINT UNDER SEAL** |

RECEIVED IN
DOCKETING

DEC 10 2013

ORIGINAL

CR

Pursuant to Local Rule 79.2, Plaintiff Freeman Investment Management Co., LLC ("Freeman") hereby moves to file under seal its Complaint against Defendant Frank Russell Company d/b/a Russell Investment Group ("Russell").

While courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents," that right is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). A court may seal records upon demonstration of "compelling reasons" for sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Thus, sealing records is appropriate where court files might have become a "vehicle for improper purposes" such as where records are "used to gratify private spite or promote public scandal," "serve as reservoirs of libelous statements for press consumption," or are used as "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. In fact, courts routinely seal records related to agreements with confidentiality clauses. *See, e.g., United Rentals, Inc. v. Ahern Rentals, Inc.*, No. 2:12-CV-01876-JCM-VCF, 2012 WL 5418355, *1 (D. Nev. Nov. 2, 2012) (sealing a complaint based on a dispute regarding a confidential settlement agreement); *Nygren v. Hewlett-Packard Co.*, No. C07-05793 JW (HRL), 2010 WL 2107434 (N.D. Cal. May 25, 2010) (refusing to unseal a confidential settlement agreement).

Here, similar to *United Rentals* and *Nygren*, the Complaint contains an agreement that is by its terms confidential and is the type of record that is routinely sealed. Moreover, the confidential purpose and terms of this agreement, as well as the confidential communications exchanged subject to the agreement, are discussed at length throughout the Complaint. The parties have already agreed to preserve the confidentiality of this information. Thus, the Complaint should be sealed because otherwise it could become a "vehicle for

/ / /

1  improper purposes" — for example the discovery of business information that
2  the parties agreed would be kept confidential. *See Nixon*, 435 U.S. at 598.
3     For the foregoing reasons, this application to file under seal should be
4  granted.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: 11/29/2013     By: *[signature: Perry Oldham]*
John B. Sganga, Jr.
Perry D. Oldham
Adam Powell

Attorneys for Plaintiff
FREEMAN INVESTMENT
MANAGEMENT CO., LLC