# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| FREEMAN INVESTMENT MANAGEMENT CO., LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK RUSSELL COMPANY, a Washington corporation, dba RUSSELL INVESTMENT GROUP,<br><br>Defendant. | CASE NO. 13-CV-2856 JLS (RBB)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO FILE COMPLAINT UNDER SEAL** |
|---|---|

Presently before the Court is Plaintiff Freeman Investment Management Co., LLC's ("Plaintiff") Application to File Complaint Under Seal. Having reviewed Plaintiff's Application, the Complaint, and the law, the Court **GRANTS** Plaintiff's Application.

While "the courts of this country recognize a general right to inspect and copy public records and documents," "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978). The Ninth Circuit has adopted a "middle-ground stance" concerning the public disclosure of judicial records. *See Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1293 (9th Cir. 1986). This approach requires the district court to start with "a strong presumption in favor of access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir 2006). The party seeking to seal the document "then bears the

1 burden of overcoming this strong presumption." *Id.* (citations and internal quotations
2 marks omitted). This burden varies depending on whether the documents are attached
3 to a dispositive or a non-dispositive motion. *Nygren v. Hewlett-Packard Co.*, at *2
4 (N.D. Cal. May 25, 2010).

If the documents are attached to a non-dispositive motion, the party need only establish "good cause" pursuant to Federal Rule of Civil Procedure 26(c). *Id.* If the documents are attached to a dispositive motion, however, "the party must articulate compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d 1178 (internal quotation marks, alterations, and citations omitted). "In general, compelling reasons . . . exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," or where a party's "residual privacy rights" are threatened. *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598; *Valley Broad. Co.*, 798 F.2d at 1294); *Valley Broad. Co.*, 798 F.2d at 1294. The district court must weigh the party's interests against "the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d 1178 (internal quotation marks and citation omitted).

Here, Plaintiff argues that sealing the Complaint is necessary because it "contains an agreement that is by its terms confidential and is the type of record that is routinely sealed," and the Complaint discusses this confidential agreement and "confidential communications exchanged subject to the agreement" at length. (Appl. to File Under Seal 2.) Further, Plaintiff alleges that "[t]he parties have already agreed to preserve the confidentiality of this information." (*Id.*) A review of the Complaint and attached exhibits reveals that a significant amount of proprietary information is disclosed therein. The Court finds that the harm to Plaintiff if these trade secrets were to be released outweighs the public interest in the disclosure of court documents.

In light of the foregoing, the Court finds that Plaintiffs have alleged compelling reasons to file the Complaint under seal. Accordingly, the Court **GRANTS** Plaintiff's

Application, without prejudice to the Court modifying this Order at a later time.

**IT IS SO ORDERED**.

DATED: December 6, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge