John B. Sganga, Jr. (Bar No. 116211)
john.sganga@knobbe.com
John W. Holcomb (Bar No. 172121)
john.holcomb@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone:  949-760-0404
Facsimile:  949-760-9502

Attorneys for Plaintiff FREEMAN
INVESTMENT MANAGEMENT CO., LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEMAN INVESTMENT MANAGEMENT CO., LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FRANK RUSSELL COMPANY, a Washington corporation, dba RUSSELL INVESTMENT GROUP,<br><br>Defendant. | Case No. 13-cv-2856 JLS (RBB)<br><br>**OPPOSITION OF FREEMAN INVESTMENT MANAGEMENT CO., LLC TO MOTION FOR ATTORNEYS' FEES OF FRANK RUSSELL COMPANY**<br><br>Judge:     Hon. Janis L. Sammartino<br>Date:       January 19, 2017<br>Time:       1:00 p.m.<br>Courtroom: 4A |

# TABLE OF CONTENTS

**Page No.**

I.   INTRODUCTION ................................................................................. 1

II.  THIS COURT SHOULD DEFER RULING ON RUSSELL'S FEE MOTION UNTIL AFTER THE APPEAL IS RESOLVED ..................... 2

III. RUSSELL IMPROPERLY SEEKS ATTORNEYS' FEES FOR HOURS SPENT PURSUING UNSUCCESSFUL THEORIES ............... 4

IV.  CONCLUSION ..................................................................................... 8

# TABLE OF AUTHORITIES

Page No(s).

*Apple Glen Investors, LP v. Express Scripts*,
 2016 U.S. Dist. LEXIS 139744 (M.D. Fla. Oct. 7, 2016) .............................. 2

*Bowers v. Transamerica Title Ins. Co.*,
 100 Wn.2d 581 (Wash. 1983) ................................................................. 5, 8

*Chuong Van Pham v. Seattle City Light*,
 159 Wn.2d 527 (Wash. 2007) ...................................................................... 5

*Decorative Panels Int'l v. Int'l Ass'n of Machinists & Aero
 Workers & Its Lodge W-260*,
 2014 U.S. Dist. LEXIS 159246 (E.D. Mich. Nov. 12, 2014) .................... 2, 3

*Experience Hendrix, LLC v. James Marshall Hendrix Fdn.*,
 2005 U.S. Dist. LEXIS 27533 (W.D. Wash. Nov. 4, 2005), *aff'd*
 240 Fed. Appx. 739 (9th Cir. 2007) .......................................................... 5, 6

*Gill v. Bausch & Lomb Supp. Ret. Income Plan I*,
 2014 U.S. Dist. LEXIS 50509 (W.D.N.Y. Apr. 10, 2014) ........................ 2, 3

*United States ex rel. Harper v. Muskingum Watershed
 Conservancy Dist.*,
 2016 U.S. Dist. LEXIS 45955 (N.D. Ohio April 5, 2016) ......................... 2, 3

*Loeffelholz v. C.L.E.A.N.*,
 119 Wn. App. 665 (Wash. App. 2004) ......................................................... 8

*Madera West Condo. Assoc. v. First Specialty Ins. Corp.*,
 2013 U.S. Dist. LEXIS 144045 (W.D. Wash. Oct. 1, 2013) ........................ 5

*Mahler v. Szucs*,
 135 Wn.2d 398 (Wash. 1998) ............................................................. 4, 5, 8

*McGuire v. Strange*,
 2015 U.S. Dist. LEXIS 113529 (M.D. Ala. Aug. 27, 2015) ......................... 2

*Melland v. Cornerstone Dental, PC*,
 2015 U.S. Dist. LEXIS 180845 (W.D. Wash. Feb. 2, 2015) ........................ 8

# TABLE OF AUTHORITIES
## *(cont'd.)*

Page No(s).

*Mhany Mgmt. v. Incorporated Village of Garden City & Garden City Bd. Of Trs.*,
  44 F. Supp. 3d 283 (E.D.N.Y. 2014) .................................................. 2, 3, 4

*MKB Constructors v. Am. Zurich Ins. Co.*,
  83 F. Supp. 3d 1078 (W.D. Wash. 2015) ....................................................... 7

*Nat'l Farmers' Organization v. Associated Milk Producers*,
  850 F.2d 1286 (8th Cir. 1988) ....................................................................... 3

*Pacing Techs., LLC v. Garmin Int'l*,
  2014 U.S. Dist. LEXIS 89567 (S.D. Cal. June 24, 2014) ............................... 2

*Rees v. Iron Workers' Local No. 25 Pension Fund*,
  2015 U.S. Dist. LEXIS 171082 (E.D. Mich. Dec. 23, 2015) .......................... 2

*Role Models Am., Inc. v. Brownlee*,
  353 F.3d 962 (D.C. Cir. 2004) ....................................................................... 7

*SAK & Assoc. v. Ferguson Constr.*,
  189 Wn. App. 405 (Wash. App. 2015) ........................................................... 5

*Schmidt v. Cornerstone Invest.*,
  115 Wn. 2d 148 (Wash. 1990) ....................................................................... 8

*Sprint Communs. Co. v. Comcast Cable Communs.*,
  2016 U.S. Dist. LEXIS 109597 (D. Del. Aug. 18, 2016) ............................... 2

*Weyerhaeuser Co. v. Fireman's Fund Ins. Co.*,
  2008 U.S. Dist. LEXIS 38304 (W.D. Wash. May 12, 2008) .......................... 6

## OTHER AUTHORITIES

Fed. R. Civ. P. 54 .............................................................................................. 2

Fed. R. Civ. P. 58 .............................................................................................. 2

## I. INTRODUCTION

Russell seeks over $4 Million in attorneys' fees for a case that involved almost exclusively a single issue – whether Russell had used and disclosed trade secrets of FIMCO. While that amount appears extravagant on its face, the Court need not decide the reasonableness of Russell's fee request now. This Court has discretion to defer its ruling on Russell's fee request until after resolution of FIMCO's appeal of the underlying judgment.

This Court should exercise that discretion here. A ruling now would be a waste of this Court's resources whether the judgment is affirmed or reversed. If affirmed, this Court inevitably will be faced with a second motion for attorneys' fees from Russell, and it plainly would be more efficient to resolve all attorneys' fees issues in a single motion. And if the judgment is reversed, Russell would not be entitled to any fees at all and all of this Court's work on the present fee motion would be wasted effort.

Significantly, Russell would not suffer any prejudice from waiting until the appeal is resolved. In contrast, FIMCO would suffer the prejudice of having a multi-million dollar judgment against it that it cannot satisfy and for which it cannot even post a bond to defer collection efforts. FIMCO is entitled to appeal the underlying judgment, and Russell should not be permitted to use the collateral issue of attorneys' fees and its accompanying collections efforts to interfere with that right.

Finally, if the Court is inclined to address the merits of Russell's fee motion now, then the Court should reduce the amount of any award. Under Washington law, which controls this motion, Russell is not entitled to recover fees for pursuing unsuccessful theories or for any time that was otherwise unproductive. Russell spent over half a million dollars in attorneys' fees pursuing its meritless theories that FIMCO did not exist or did not own its trade secrets. This Court soundly rejected those theories. Accordingly, at a

minimum, this Court should reduce Russell's fee request by the amount spent on these unsuccessful and unproductive arguments.

## II. THIS COURT SHOULD DEFER RULING ON RUSSELL'S FEE MOTION UNTIL AFTER THE APPEAL IS RESOLVED

Motions for attorneys' fees are authorized by Rule 54 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(d)(2). The 1993 Advisory Committee Notes to Rule 54 expressly state that, if an appeal on the underlying judgment is taken, this Court "may defer its ruling on the motion" for attorneys' fees, "or may deny the motion without prejudice." Fed. R. Civ. P. 54, Advisory Committee Notes (1993); *see also* Fed. R. Civ. P. 58, Advisory Committee Note (1993). Relying on the Advisory Committee Notes, the courts in this District and elsewhere have commonly deferred ruling on attorneys' fees motions pending appeal or have dismissed those motions without prejudice. *See Pacing Techs., LLC v. Garmin Int'l*, 2014 U.S. Dist. LEXIS 89567 *3-*5 (S.D. Cal. June 24, 2014); *see also Apple Glen Investors, LP v. Express Scripts*, 2016 U.S. Dist. LEXIS 139744 *2-*3 (M.D. Fla. Oct. 7, 2016); *Sprint Communs. Co. v. Comcast Cable Communs.*, 2016 U.S. Dist. LEXIS 109597 *3-*5 (D. Del. Aug. 18, 2016); *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 2016 U.S. Dist. LEXIS 45955 *4 (N.D. Ohio April 5, 2016); *Rees v. Iron Workers' Local No. 25 Pension Fund*, 2015 U.S. Dist. LEXIS 171082 *3-*4 (E.D. Mich. Dec. 23, 2015); *McGuire v. Strange*, 2015 U.S. Dist. LEXIS 113529 *2-*3 (M.D. Ala. Aug. 27, 2015); *Decorative Panels Int'l v. Int'l Ass'n of Machinists & Aero Workers & Its Lodge W-260*, 2014 U.S. Dist. LEXIS 159246 *11-*12 (E.D. Mich. Nov. 12, 2014); *Mhany Mgmt. v. Incorporated Village of Garden City & Garden City Bd. Of Trs.*, 44 F. Supp. 3d 283, 285-87 (E.D.N.Y. 2014); *Gill v. Bausch & Lomb Supp. Ret. Income Plan I*, 2014 U.S. Dist. LEXIS 50509 *2-*3 (W.D.N.Y. Apr. 10, 2014).

As these courts have recognized, deciding an attorneys' fees motion immediately would waste judicial resources if there were a reversal on appeal. And, if there were an affirmance, there would likely be a second fee motion for fees expended on appeal, again resulting in inefficiency. *United States ex rel. Harper*, 2016 U.S. Dist. LEXIS 45955 at *4; *Decorative Panels*, 2014 U.S. Dist. LEXIS 159246 at *11-*12; *Mhany*, 44 F. Supp. 3d at 285-87; *Gill*, 2014 U.S. Dist. LEXIS 50509 at *2-*3; *see also Nat'l Farmers' Organization v. Associated Milk Producers*, 850 F.2d 1286, 1312 (8th Cir. 1988) ("rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, the district court wisely deferred ruling on attorney's fees and costs pending appeal") (internal quotations omitted).

This Court should exercise its discretion in this case and defer ruling on Russell's motion for attorneys' fees or deny the motion without prejudice. In its moving papers, Russell promises a second motion for attorneys' fees if it is successful on appeal. (Russell's Br. at 6 n.3.) It would be far more efficient to resolve all attorneys' fees issues in a single motion after the appeal. Moreover, if FIMCO's appeal is successful, then this Court's work on the present motion would be wasted. And that work is likely to be substantial. As discussed below, any appropriate fee calculation in this case will be complex and time consuming.

Moreover, there are compelling facts unique to this case that suggest that deferral of a ruling is the only appropriate course of action. FIMCO does not have the resources to post a bond to secure a $4 Million attorneys' fees judgment. Thus, Russell will attempt to execute this large judgment while the appeal is pending. Indeed, Russell has already begun efforts to execute on the Court's order taxing costs. Russell's execution attempts while the appeal is pending will be futile, because FIMCO simply does not have the resources to

pay any portion of an attorneys' fees judgment.  Thus, Russell's execution attempts will lead to nothing but mischief and harassment, and these attempts may also threaten to prevent FIMCO from having its day in court at the Court of Appeals.

In direct contrast, there would be no prejudice to Russell from a court order deferring any ruling on the attorneys' fees motion.  *See Mhany*, 44 F. Supp. 3d at 286 (considering the lack of prejudice to the attorneys' fees claimant in deferring a ruling on a fee motion).  Russell's collection efforts now are already futile.  Those efforts cannot possibly become any more futile after the appeal is resolved.  Furthermore, if the Court has any concern about FIMCO squandering its very limited assets pending appeal, it can order a freeze of any assets that FIMCO has.

## III. RUSSELL IMPROPERLY SEEKS ATTORNEYS' FEES FOR HOURS SPENT PURSUING UNSUCCESSFUL THEORIES

As Russell acknowledges, the reasonableness of the attorneys' fees it seeks is measured by the law of the State of Washington. (Russell's Br. at 6 & n.4.)  Under Washington law, Russell bears the burden of proving the reasonableness of all requested fees.  *Mahler v. Szucs*, 135 Wn.2d 398, 434 (Wash. 1998).  In determining whether the moving party has met its burden of proof, the Washington Supreme Court has cautioned that "[c]ourts must take an *active* role in assessing the reasonableness of fee awards."  *Id.* (emphasis in original).  Accordingly, the "[c]ourts should not simply accept unquestioningly fee affidavits from counsel."  *Id*. at 434-35.

Rather, in calculating a fee award, "a court must first determine that counsel expended a reasonable number of hours in securing a successful recovery for the client.  Necessarily, this decision requires the court to *exclude* from the requested hours any wasteful or duplicative hours and ***any hours pertaining to unsuccessful theories*** or claims."  *Id.* at 434 (emphasis added).

-4-  Case No. 13-cv-2856 JLS (RBB)
Opposition to Motion for Attorneys' Fees

Simply put, the court should exclude all "unproductive time." *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597 (Wash. 1983).

For example, in *SAK & Assoc. v. Ferguson Constr.*, 189 Wn. App. 405, 419-21 (Wash. App. 2015), the defendant successfully defeated a breach of contract claim and then moved to recover its attorneys' fees under the contract. The trial court excluded from the award the fees incurred "on unsuccessful motions for summary judgment and reconsideration." *Id*. at 420. The defendant appealed, arguing that "because there was only one claim, the breach of contract claim on which it prevailed, it was entitled to all fees incurred in defending against that claim." *Id*. at 421. The Court of Appeals rejected this argument and affirmed the trial court. The court explained that *Mahler* "recognizes that a reasonableness determination requires the court to exclude 'any hours pertaining to unsuccessful ***theories*** or claims.'" *Id.* at 421 (emphasis in original) (quoting *Mahler*, 135 Wn.2d at 434). Accordingly, the trial court appropriately excluded all fees incurred on the unsuccessful motions. *Id.*

Similarly, in *Chuong Van Pham v. Seattle City Light*, 159 Wn.2d 527, 538-39 (Wash. 2007), the trial court reduced a fee award by $50,000 for time spent preparing a second amended complaint, which was never filed, and working on other unsuccessful matters. The Court of Appeals reversed the reduction, but the Washington Supreme Court reinstated it. *Id*. The Supreme Court reasoned that the hours spent on these unsuccessful matters were "unproductive" under *Bowers*. *Id.* at 540 (citing *Bowers*, 100 Wn.2d at 597).

Again, in *Madera West Condo. Assoc. v. First Specialty Ins. Corp.*, 2013 U.S. Dist. LEXIS 144045 *21 (W.D. Wash. Oct. 1, 2013), the District Court excluded from a fee award time spent pursuing an unsuccessful motion to amend the complaint. Likewise, in *Experience Hendrix, LLC v. James Marshall Hendrix Fdn.*, 2005 U.S. Dist. LEXIS 27533 (W.D. Wash. Nov. 4, 2005), *aff'd* 240 Fed. Appx. 739 (9th Cir. 2007), the District Court reduced a fee award by

50% to account for "unproductive time" spent on "unnecessary pleadings," including time spent unsuccessfully opposing "Plaintiffs' motion to voluntarily dismiss with prejudice the claims remaining in the lawsuit." *Id.* at *16; *see also Weyerhaeuser Co. v. Fireman's Fund Ins. Co.*, 2008 U.S. Dist. LEXIS 38304 *21 (W.D. Wash. May 12, 2008) (reducing fee award "to exclude hours spent on unsuccessful issues").

These precedents are directly applicable here. Beginning in February 2016, Russell spent an inordinate amount of time and attorneys' fees pursing a meritless theory that this Court summarily rejected. Specifically, Russell argued that this Court lacked subject matter jurisdiction over this case because FIMCO allegedly did not exist or did not own the trade secrets at issue in this case. Russell spent nearly two months researching this argument before presenting it to this Court in a motion to dismiss. After filing its motion, Russell took the depositions of five witnesses on the topic of jurisdiction alone, all after the close of discovery by special permission of the Magistrate Judge. These witnesses included Peter Johnson, Christopher Siriani, Randy Socol, Michael Thiemann, and Audrey Viterbi.

The end result for Russell was failure. This Court rejected Russell's argument that FIMCO did not exist in a single paragraph, citing FIMCO's publicly available corporate records as "dispositive." (Order: (1) Denying Def.'s Mot. to Dismiss, (2) Denying Def.'s Mot. to Amend, and (3) Setting Hr'g ("Order") [Dkt. No. 267] at 6:9; *see also* Decl. of Benjamin J. Everton in Supp. of Opp'n to Mot. to Dismiss [Dkt. No. 215], Ex. S.) This Court similarly rejected Russell's argument that FIMCO did not own the trade secrets at issue in this case. The Court relied upon FIMCO's Employee Handbook, which made clear that all FIMCO employees, including John Freeman, assigned all of their inventions and innovations to FIMCO. (Order at 6:26-7:23; *see also* Decl. of John Freeman in Support of FIMCO's Opp'n to Russell's Mot. to Dismiss for

Lack of Jurisdiction [Dkt. No. 212-2], Ex. I at 25 ¶ 3, Ex. I at 26 ¶ 8, Ex. J at 67 ¶ 3, Ex. J at 68 ¶ 8.)  In short, the Court found no merit at all in either of Russell's jurisdictional theories.

Accordingly, under Washington law, this Court should exclude from any fee award all of Russell's fees expended in connection with its pursuit of its jurisdictional arguments.  This includes the time spent researching and preparing the motion to dismiss and corresponding reply brief, and the time spent scheduling, preparing for, and taking the May 2016 depositions of Peter Johnson, Christopher Siriani, Randy Socol, Michael Thiemann, and Audrey Viterbi.[1]

FIMCO has prepared a chart, submitted as Exhibit 1 to the Stewart declaration, detailing each of these disputed charges.  FIMCO took each entry in Exhibit 1 verbatim from the billing records that Russell submitted as Exhibit A to the Declaration of Eric Evans [Dkt. No. 289].  FIMCO prepared Exhibit 1 by selecting only those entries that indisputably related in whole or in part to the jurisdictional motion or the May 2016 depositions and related deposition preparation.  FIMCO did not include entries that were unclear.  Likewise, FIMCO excluded entries that were unclear on account of privilege-based redactions.

In many instances, the entries relate entirely to the jurisdictional motion or the May 2016 depositions.  In some cases, Russell used block billing, and the entries relate only in part to the disputed tasks.  *See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004) (criticizing the use of block billing because it makes it "impossible to evaluate" the reasonableness of the time spent on each individual task); *MKB Constructors v. Am. Zurich Ins. Co.*,

---

[1] Russell also spent much of its time in its earlier depositions questioning witnesses about its baseless jurisdictional arguments.  However, in an abundance of caution, FIMCO has not included any time from these additional depositions in its calculations on this motion.

83 F. Supp. 3d 1078, 1087 (W.D. Wash. 2015) (same).  For these entries, FIMCO has provisionally included the entire entry.  It is Russell's burden to segregate proper charges from improper charges.  *See Loeffelholz v. C.L.E.A.N.*, 119 Wn. App. 665, 690 (Wash. App. 2004); *Melland v. Cornerstone Dental, PC*, 2015 U.S. Dist. LEXIS 180845 *4 (W.D. Wash. Feb. 2, 2015).  And FIMCO obviously lacks the information necessary to make any appropriate allocation.  Accordingly, unless and until Russell meets its burden of proof, these entire charges should be excluded from any fee award.  Indeed, this Court may deny the *entire* fee request due to a failure to allocate between allowable and disallowable time entries.  *Melland*, 2015 U.S. Dist. LEXIS 180845 at *4; *accord Schmidt v. Cornerstone Invest.*, 115 Wn. 2d 148, 170-71 (Wash. 1990).

As shown in Exhibit 1, Russell spent $511,356.15 pursuing its meritless theories that FIMCO did not exist or did not own its trade secrets.  This unproductive use of time on unsuccessful theories is not recoverable under Washington law.  *Mahler*, 135 Wn. 2d at 434; *Bowers*, 100 Wn. 2d at 597.  Accordingly, this amount should be deducted from any fee award.

## IV.  CONCLUSION

This Court should defer any ruling on Russell's motion for attorneys' fees or should deny the motion without prejudice.  This course will preserve judicial resources and avoid prejudice to FIMCO without causing any prejudice to Russell.  If this Court does reach the merits of Russell's fee motion, then it should deduct the $511,365.15 that Russell spent pursuing meritless and unsuccessful legal theories challenging the jurisdiction of this Court.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 5, 2017       By: */s/ John W. Holcomb*
　　　　　　　　　　　　　　　　John B. Sganga, Jr.
　　　　　　　　　　　　　　　　John W. Holcomb
　　　　　　　　　　　　　　Attorneys for Plaintiff FREEMAN
　　　　　　　　　　　　　　INVESTMENT MANAGEMENT CO., LLC

# CERTIFICATE OF SERVICE

I certify that on January 5, 2017, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the CM/ECF participant(s) noted below.

Lee H. Rubin
lrubin@mayerbrown.com
Eric B. Evans
eevans@mayerbrown.com
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Claire A. Stoneman*
Claire A. Stoneman

24520210
010417